UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEREMY SNYDER, | ) | Case No. ED CV 10-1718-PJW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

Plaintiff appeals the decision of Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred in finding that he could work despite his limitations. Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

The ALJ determined that Plaintiff had the residual functional capacity to perform work at all exertional levels, with the following qualifications: (1) limited to moderately complex tasks of up to four to five steps in an habituated setting; (2) no safety operations requiring hypervigilance; (3) no hazardous machinery; and (4) no fast-

paced work.  (Administrative Record ("AR") 11.)  The vocational expert testified that, with these limitations, and consistent with the Dictionary of Occupational Titles ("DOT"), Plaintiff could perform outside delivery work (DOT No. 230.663-010).  (AR 57.)

Plaintiff argues that the ALJ erred in finding that he had engaged in substantial gainful activity prior to February 24, 2009, the date he applied for benefits and, therefore, erroneously found that he had past relevant work.  (Joint Stip. at 3-4.)  This argument is rejected.  Though admittedly confusing, the ALJ's decision makes clear that he ultimately found that Plaintiff had *not* engaged in substantial gainful activity *after* February 24, 2009, and did not have past relevant work.  (AR 10, 14-15.)  As such, this claim does not require remand.[1]

Plaintiff argues that the ALJ improperly found at step four that he could perform his past work as an outside deliverer.[2]  (Joint Stip. at 8-11.)  He contends that the job of outside deliverer requires abilities that he does not have and exposes him to hazards that he must avoid.  (Joint Stip. at 8-10.)  He argues, for example, that to be a deliverer he would have to drive a car, which means that he would

---

[1] It appears that the ALJ misspoke at the hearing when he asked the vocational expert whether Plaintiff could perform his "past relevant work."  (AR 57.)  Unfortunately, counsel repeated the error.  (AR 58, 59.)  The ALJ's decision makes clear, however, that he found at step four that Plaintiff had no past relevant work and, thus, proceeded to step five to determine whether there was other work that Plaintiff could do.  (AR 14-15.)

[2] Again, Plaintiff's argument rests on an incorrect premise, i.e., that the ALJ found at step four that Plaintiff could perform his past relevant work.  The ALJ's decision shows that he based his non-disability determination on his step-*five* finding that Plaintiff could perform other work in the economy, e.g., the work of an outside deliverer.  (AR 14-15.)

be working with hazardous machinery and contending with safety operations that require hypervigilance. (Joint Stip. at 8-9.) The Court disagrees. The job description for outside deliverer provides that the work may be performed "on foot or by bicycle, motorcycle, automobile, or public conveyance." (DOT No. 230.663-010.) Clearly, the job does not require driving a vehicle. As such, Plaintiff's argument that it does and that the ALJ's finding that he could perform it despite his limitations was in error is rejected.

Plaintiff also argues that the duties of an outside deliverer exceed his limitation to tasks involving at most four to five steps. He contends, for example, that delivering a pizza involves at least ten steps. (Joint Stip. at 9.) Again, the Court does not agree. To begin with, this argument is speculative at best and is not supported by any authority. Further, it is inconsistent with the DOT description of the job and with the testimony provided by the vocational expert at the administrative hearing. (AR 57.) Finally, counsel for Plaintiff at the administrative hearing--the same lawyer who represents him here--did not challenge the vocational expert's testimony, or ask about any potential conflicts between the testimony and the DOT, or ask the vocational expert the basis for his opinion that Plaintiff could perform this job despite his limitations. (AR 57-60.) Thus, this argument is also rejected.

For the foregoing reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: <u>January 17, 2012</u>

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SNYDER, J 1718\memorandum opinion and order.wpd